12-3271-cr
*United States v. Figueroa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted On: May 8, 2013)                                      Decided: May 9, 2013)

Docket No. 12-3271-cr

UNITED STATES OF AMERICA,

*Appellee*,

v.

BENJAMIN FIGUEROA, AKA TRINI,

*Defendant-Appellant*,

ISAAC ALMANZAR, AKA LUCKY; EDDIE MEDINA,
AKA PEDRO; LUIS HERNANDEZ, AKA KING RIP,
AKA DANNY HERNANDEZ, AKA LOUIS HERNANDEZ;
MIGUEL SOTO, AKA RIGHTEOUS; JOSE CRUZ; JAVIER
TAVAREZ, AKA FATBOX; ISMAEL SUREN, AKA ISH,

*Defendants.*[1]

Before: LEVAL, CABRANES, and B.D. PARKER, *Circuit Judges.*

This appeal requires us to determine whether the United States District Court for the

Eastern District of New York (Dora L. Irizarry, *Judge*) erred by denying a defendant's motion for

resentencing pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10.  Although the District Court

---

[1]  The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

concluded that the defendant was eligible for a sentence reduction, it declined to reduce his sentence, finding that the defendant posed a danger to the community based on his conduct while in detention. After a review of the record, we conclude that the District Court acted well within its discretion in considering this conduct and denying a sentence reduction on that basis.

Affirmed.

Scott L. Fenstermaker, Law Offices of Scott L. Fenstermaker, P.C., New York, NY, *for Benjamin Figueroa.*

Robert T. Polemeni, David C. James, *for* Loretta E. Lynch, United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, *for the United States of America.*

PER CURIAM:

This appeal requires us to determine whether the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*) erred by denying defendant-appellant Benjamin Figueroa's motion for resentencing pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10. Although the District Court concluded that Figueroa was eligible for a sentence reduction, it declined to reduce his sentence, finding that he posed a danger to the community based on his conduct while in detention. After a review of the record, we conclude that the District Court acted well within its discretion in considering this conduct and denying a sentence reduction on that basis. Accordingly, we affirm the District Court's August 10, 2012 order.

# BACKGROUND

On November 17, 2006, pursuant to an agreement with the government, Figueroa pleaded guilty to conspiring to possess with the intent to distribute cocaine base ("crack cocaine").[2] The District Court sentenced Figueroa on February 20, 2008. *See* App'x 75. At the sentencing hearing, the government stated that, under its plea agreement with Figueroa, it had agreed to hold Figueroa responsible for only the amount of crack cocaine sold to undercover agents and cooperators. *Id.* at 35-36. The government proffered that this amount totaled 141 grams. *Id.* at 36. Although the District Court expressed its view that the government's estimate that Figueroa was accountable for between 50 and 150 grams of crack cocaine was a "grossly conservative estimate," *id.* at 35, it abided by the parties' agreement and calculated Figueroa's base level offense to be 30, *id.* at 39. Ultimately, the District Court sentenced Figueroa to 150 months' imprisonment, which was near the top of the Guidelines range. *Id.* at 47, 53-54. We affirmed Figueroa's sentence on appeal. *See United States v. Soto*, Nos. 08-0654-cr, 08-0706-cr, 2009 WL 765015, at 3 (2d Cir. Mar. 25, 2009) (non-precedential summary order).

On December 22, 2011, Figueroa filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10. His motion was based on Amendment 750 of the Sentencing Guidelines, issued pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 110-220, 124 Stat. 2372 (2010), which retroactively reduced the base offense levels for crack-cocaine offenses. In particular, when Figueroa was sentenced in 2008, conspiring to distribute between 50 and 150 grams of crack cocaine corresponded to a base offense level of 30; since Amendment 750 was enacted, conspiring to distribute between 28 and 112 grams of crack cocaine corresponds to a base

---

[2] Although Figueroa was charged with possessing with an intent to distribute 50 grams or more of crack cocaine, he pleaded guilty to a lesser-included offense of conspiring to possess with an intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B).

offense level of 26, while conspiring to distribute between 112 and 196 grams of crack cocaine corresponds to a base offense level of 28. *See* U.S.S.G. § 2D1.1(c)(6) and (7).

The District Court denied Figueroa's motion for a sentence reduction. Although it concluded that Figueroa was *eligible* for a sentence reduction, it found that "[s]uch a reduction would be inconsistent with U.S.S.G. § 1B1.10 because [Figueroa's] post-conviction conduct indicates that he is still a threat to the community." App'x 79-80. In particular, the District Court stated that the Third Addendum to the Pre-Sentence Report noted that Figueroa had "incurred eight disciplinary sanctions while incarcerated, five of which (and the most violent) occurred after he was sentenced." *Id.* at 80. These incidents involved possessing a weapon (twice), possessing intoxicants (twice), and assaulting another inmate. *Id.*

This appeal followed.

## DISCUSSION

### A.

This Court reviews a district court's decision to modify or maintain a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Borden*, 564 F.3d 100, 101 (2d Cir. 2009); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (internal citation and quotation marks omitted)).

When presented with a motion pursuant to § 3582(c)(2),[3] a district court considers whether the defendant is eligible for a sentence reduction by calculating the Guidelines range that would have

---

[3] Title 18 U.S.C. § 3582(c)(2) provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that . . .

4

been applicable had the amended Guidelines been in place at the time the defendant originally was

sentenced. *See* U.S.S.G. § 1B1.10(b)(1). If the district court determines that the defendant is eligible

for a sentence reduction, then it may reduce the sentence "after considering the factors set forth in

section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2).

**B.**

In this case, although the District Court determined that Figueroa was eligible for a sentence

reduction, it declined to grant his § 3582(c)(2) motion. Figueroa contends that the District Court

abused its discretion by: (1) denying his motion without first determining the amended Guidelines

range; (2) failing to conduct a hearing or require further evidentiary substantiation of defendant's

conduct while at the Metropolitan Detention Center ("MDC"); and (3) considering Figueroa's post-

conviction conduct without first determining whether resentencing would be consistent with

U.S.S.G. § 1B1.10. All three of these arguments are without merit.

First, Figueroa's argument that the District Court failed to determine the applicable amended

Guidelines range is misguided because the record is clear that the District Court *did* determine that

the amended range was 97 to 121 months.[4] Specifically, it noted in its order that, at Figueroa's

original sentencing, it found him accountable for 141 grams of crack cocaine (and it viewed that

amount as a conservative estimate). *See* App'x 80-81. Although the District Court did not explicitly

state this finding at Figueroa's original sentencing, the parties had agreed that Figueroa would be

responsible for the amount of crack cocaine sold to undercover agents and cooperators by members

---

> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[4] Because the District Court determined that Figueroa was responsible for 141 grams of crack cocaine at the original sentencing, *see* App'x 80, "after taking into account the relevant reductions and enhancements, the total [offense] level would be 28, corresponding to a [Guidelines] range of 97 to 121 months' imprisonment, considering [Figueroa's] Criminal History Category of III," *id.* at 79.

of the conspiracy. *Id.* at 35-36. The government represented at the original sentencing that this amount was 141 grams, and Figueroa did not object. *Id.* at 36. The District Court also stated that it would "abide by the parties' agreement as to the drug amount [Figueroa] [wa]s accountable for," which necessarily referred to the government's representation of 141 grams. *Id.* at 39. In these circumstances, we fail to see how the District Court abused its discretion in this regard.

Second, Figueroa's argument that he was entitled to a hearing on his § 3582(c)(2) motion is not persuasive. A court's resolution of a motion for a sentence reduction does not necessarily require a full resentencing hearing. Indeed, "[a] defendant need not be present" when "[t]he proceeding involves the correction of a sentence under Rule 35 or 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(b)(4). We also see no reason for further "evidentiary substantiation" regarding Figueroa's conduct at the MDC. The Third Addendum to the Pre-Sentence Report summarized Figueroa's conduct, and Figueroa *did not dispute* this account of his conduct before the District Court, despite having the opportunity to do so.

Third, an inmate's conduct while in prison is a relevant factor for a district court to consider on resentencing. *See* U.S.S.G. § 1B1.10, App. Note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted . . . ."). Accordingly, the District Court acted well within its discretion in considering the fact that Figueroa had been disciplined five times while at the MDC for possessing intoxicants on two occasions, possessing a weapon on two occasions, and assaulting another inmate. App'x 69-70. Consideration of Figueroa's post-conviction conduct was not premature under *Dillon v. United States*, 130 S. Ct. 2683 (2010), because this conduct entered into the calculation of whether Figueroa was eligible for a sentence reduction under U.S.S.G. § 1B1.10. *See id.* at 2691 ("Section 3582(c)(2) instructs a district court to conside[r] the factors set forth in section 3553(a) to the extent that they are applicable, but

it authorizes a reduction on that basis only if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission—namely, § 1B1.10." (internal quotation marks omitted)).

## CONCLUSION

To summarize:

(1) The District Court correctly determined Figueroa's amended Guidelines range before it concluded that Figueroa did not warrant a sentence reduction due to his post-conviction conduct at the MDC.

(2) There was no need for the District Court to conduct a hearing or require further evidentiary substantiation of Figueroa's conduct while at the MDC, especially considering this conduct was not disputed by Figueroa.

(3) The District Court properly considered Figueroa's post-conviction conduct under *Dillon v. United States*, 130 S. Ct. 2683 (2010), because this conduct entered into the calculation of whether Figueroa was eligible for a sentence reduction under U.S.S.G. § 1B1.10.

For these reasons, we **AFFIRM** the District Court's August 10, 2012 order.