13-701-cr
*United States v. Davis*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
 *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

 *Appellee,*

 -v.-  No. 13-701-cr

LORENZO NICHOLS, HOWARD MASON, LOUISE COLEMNA,
AMOS COLEMAN, VIOLA NICHOLS, JOANNE MCCLINTON
NICHOLS, IDA NICHOLS, MARCIA NICHOLS WILLIAMS,
MARTHA CRAFT, CAROL CRAFT, CLAUDIA MASON, WILSON
SKINNER, KAROLYN TYSON, MARK GARNES, PARIS
WILLIAMS, MAN SING ENG, BRIAN GIBBS, JOSEPH ROGERS,

 *Defendants,*

CHAR T. DAVIS,

 *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLEE:**                                  Amy Busa, David C. Woll, Jr., Assistant
                                                   United States Attorneys, *for* Loretta E. Lynch,
                                                   United States Attorney for the Eastern
                                                   District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**                        Marsha R. Taubenhaus, New York, NY.

Appeal from a judgment, entered January 29, 2013, of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Char T. Davis appeals from the judgment of the District Court denying his motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). In 1989, Davis was convicted after trial of conspiracy to possess and distribute in excess of 50 grams of cocaine base (*i.e.*, "crack") in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He was sentenced principally to 405 months' imprisonment, to be followed by a lifetime of supervised release.

In April 2008, Davis filed a *pro se* motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the Sentencing Guidelines. In May 2011, Davis's trial counsel filed an additional submission seeking a sentence reduction. In July 2012, Davis filed a new motion pursuant to § 3582(c), this time seeking a reduction on the basis of Amendment 750 to the Sentencing Guidelines. The Government opposed each request.

When Davis was sentenced in 1989, conspiring to distribute more than 500 grams of crack cocaine corresponded to a base offense level of 36. Since Amendment 750 was enacted, a defendant would have to conspire to distribute between 2.8 kilograms and 8.4 kilograms of crack cocaine to trigger the same base level of 36. *See* U.S.S.G. § 2D1.1(c)(2).

In January 2013, the District Court denied Davis's motions. It concluded that Davis was not eligible for a sentence reduction, because he would have been subject to the same base offense level under the reduced Guidelines range. Specifically, the District Court concluded that "the evidence at trial established that the defendant was responsible for distributing at least [2.8 kilograms] of cocaine base and the conspiracy of which he was a member easily distributed in excess of that amount." Joint App'x 204. The District Court went on to state that "given the acts of violence in which the defendant engaged," this would not be a case "that would warrant a lesser sentence than that which I imposed." *Id.* at 205.

Davis argues on appeal that the District Court abused its discretion in denying his motions.

We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues presented for review.

# DISCUSSION

"This Court reviews a district court's decision to modify or maintain a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. Figueroa*, 714 F.3d 757, 759 (2d Cir. 2013); *see also United States v. Borden*, 564 F.3d 100, 103–04 (2d Cir. 2009). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and brackets omitted).

We have independently reviewed the trial record, and conclude that the District Court did not clearly err in its assessment of the evidence. Even discounting the testimony of an unreliable cooperating witness, the District Court's determination is supported by recorded phone conversations and physical evidence.

Because Davis conspired to distribute at least 2.8 kilograms of crack cocaine, the same base offense level of 36 applies even under the amended Guidelines. Accordingly, Davis was not eligible for a reduction in his sentence pursuant to § 3582(c)(2). Even if Davis were eligible for a reduction, the District Court made clear in its order that it would have exercised its discretion and imposed the same sentence, based on its findings that Davis committed acts of violence that evidenced "a total absence of any regard for the value of human life." Joint App'x 205.

Davis also argues that the upward departure and some of the sentencing enhancements imposed at his original sentencing were unjustified.[1] However, under § 3582(c)(2), "a defendant may not seek to attribute error to the original, otherwise-final sentence." *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010). As we recently noted, the Supreme Court has "expressly rejected the argument that this provision authorizes a full resentencing. Therefore, regardless of whether there is merit to defendant's argument that the district court committed procedural error when it applied [a particular Guideline provision] at his original sentencing, neither the district court nor this Court is authorized to consider that contention in the context of a motion pursuant to 18 U.S.C. § 3582(c)(2)." *Id.* at 138 (citing *Dillon v. United States*, 560 U.S. 817, 825 (2010)).

Finally, we also reject Davis's argument that the District Court failed to consider his rehabilitation while incarcerated. We have held this is a relevant consideration for a judge on resentencing. *See United States v. Wilson*, 716 F.3d 50, 52–53 (2d Cir. 2013); *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011) ("In determining whether to modify a sentence, a judge must consider not only the traditional sentencing factors set forth in 18 U.S.C. § 3553(a), but also the post-

---

[1] In particular, Davis asserts that the District Court's upward departure from Criminal History Category III to Criminal History Category VI for an uncharged murder was impermissible because he was a minor at the time it was committed. The relevant Guidelines provision appears to expressly limit such a departure to "prior similar adult criminal conduct not resulting in a criminal conviction." U.S.S.G. § 4A1.3(e) (1989).

sentencing behavior of the defendant and any public safety concerns a reduction in sentence would raise.").  But Davis presented this argument to the District Court in his motions for resentencing, and in the absence of evidence to the contrary, we presume that the District Court considered all arguments properly presented to it.  *See United States v. Fernandez*, 443 F.3d 19, 29–30 (2d Cir. 2006).

## CONCLUSION

We have reviewed the record and considered all of Davis's arguments on appeal, and find them to be without merit.

For the reasons set out above, we **AFFIRM** the January 29, 2013 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court