15-3576-cr
*United States v. Jefferson*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand sixteen.

PRESENT:   DENNY CHIN,
           SUSAN L. CARNEY,
                      *Circuit Judges*,
           BRIAN M. COGAN,
                      *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                      *Appellee*,

                 v.                                    15-3576-cr

ALBERT JEFFERSON, III, AKA
Albert Jefferson, Jr.,

                      *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]       Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE:                          JOSEPH J. KARASZEWSKI, Assistant United
                                       States Attorney, *for* William J. Hochul, Jr.,
                                       United States Attorney for the Western District
                                       of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:                MARYBETH COVERT, Federal Public
                                       Defender's Office, Buffalo, New York.

Appeal from the United States District Court for the Western District of

New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Albert Jefferson, III, appeals from the district court's

October 28, 2015 order denying his motion for a sentence reduction under 18 U.S.C.

§ 3582(c)(2).  We assume the parties' familiarity with the underlying facts and

procedural history of the case.

Jefferson pled guilty to conspiracy to distribute 5 grams or more of cocaine

base in violation of 21 U.S.C. § 846 (a lesser-included offense of Count One of the

Indictment) and possession and discharge of a firearm in furtherance of a drug

trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two of the

Indictment).  In the sentencing calculation set forth in the plea agreement, the parties

stipulated to a total offense level of 19 and a criminal history category of V, resulting in

an applicable guideline range of 60 to 71 months on Count One and a consecutive 120-

month mandatory minimum on Count Two for a total of 180 to 191 months.  The district

2

court sentenced Jefferson to 180 months, at the low end of the agreed-upon guideline range.

Jefferson appealed. The Second Circuit vacated Jefferson's sentence on Count One and instructed the district court to apply the Fair Sentencing Act of 2010 to recalculate Jefferson's sentence on Count One pursuant to *Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012). The district court resentenced Jefferson to a term of imprisonment of 147 months, at the low end of his revised applicable guideline range of 147 to 153 months' imprisonment.

On March 24, 2015, Jefferson filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Although Jefferson was eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines, the district court exercised its discretion to deny Jefferson's motion. The district court concluded that a reduction was not warranted because of Jefferson's post-sentencing conduct in prison: on two occasions he had engaged in misconduct and also demonstrated a "lack of respect of authority and a lack of remorse" by "glorif[ying] his past criminal conduct" on his Facebook page. J. App. at 241.

"We review a district court's decision to deny a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014) (internal quotation marks and alterations omitted). An abuse of discretion occurs when the district court "base[s] its ruling on an erroneous

3

view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). Applying this standard, we conclude that the district court did not abuse its discretion in denying Jefferson's motion, and we therefore affirm the district court's order.

When considering a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), a district court must first determine whether the defendant is eligible for a reduction. *United States v. Christie*, 736 F.3d 191, 194 (2d Cir. 2013). If the defendant is eligible, the district court may exercise its discretion to reduce the original sentence after considering the applicable 18 U.S.C. § 3553(a) factors, *id.,* and "the post-sentencing behavior of the defendant and any public safety concerns a reduction in sentence would raise," *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011). A defendant's post-sentencing conduct is an appropriate and sufficient justification for the denial of a sentence reduction. *See, e.g.*, *United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) (per curiam); *United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) (per curiam).

The parties agree that Jefferson was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines § 1B1.10. At Jefferson's original sentencing in 2013, the district court sentenced him to the low end of the applicable guidelines range in recognition of his efforts to "better [himself] in prison." J. App. at 154. In considering Jefferson's motion for a sentence reduction, the district

4

court found that Jefferson's conduct had significantly changed: the government presented evidence in its opposition to Jefferson's motion that he had been sanctioned twice by the Bureau of Prisons since his resentencing for "(1) refusing to obey an order and disruptive conduct when he ran away from any officer attempting to conduct a pat down search in December 2014, and (2) for disruptive conduct involving disrespectful speech and actions towards staff members in 2015." J. App. at 170-71. Moreover, the district court found that defendant's Facebook posts, which repeatedly referenced the "rats" who informed on him, J. App. at 198-99, showed a lack of remorse. The district court acted within its discretion when it considered these factors and denied a reduction, despite the evidence presented by Jefferson of his participation in BOP programs and the strong support he would receive from his family upon release. *See United States v. Romano*, 794 F.3d 317, 339 (2d Cir. 2015) ("We do not substitute our own judgment for that of the district judge, nor will we 'second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor.'" (quoting *United States v. Perez–Frias*, 636 F.3d 39, 42 (2d Cir. 2011))).

We have reviewed Jefferson's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5