16-404-cr
United States v. Tatis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand sixteen.

PRESENT:   PIERRE N. LEVAL,
                      ROBERT D. SACK,
                      REENA RAGGI,
                                *Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                                *Appellee*,


                        v.                                                          No. 16-404-cr

RAUL TATIS, AKA Nono,
                                *Defendant-Appellant*,

PAUL ROMANO, LEE REITZEL,
                                *Defendants*.[*]
-----------------------------------------------------------------------
FOR APPELLANT:                              Raul Tatis, *pro se*, Loretto, Pennsylvania.

FOR APPELLEE:                                Raymond A. Tierney, Peter A. Norling, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

Appeal from an order of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on October 30, 2015, is AFFIRMED.

Defendant Raul Tatis, who is presently serving a 121-month prison term for trafficking heroin, appeals pro se from the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines, which lowered the base offense levels applicable to most drug crimes under U.S.S.G. § 2D1.1(c).  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Under § 3582(c)(2), a district court may reduce a defendant's prison sentence if it was based on a sentencing range that the Sentencing Commission subsequently lowered and the reduction is consistent with applicable Guidelines policy statements.  See United States v. Borden, 564 F.3d 100, 103–04 (2d Cir. 2009).  Tatis satisfies these requirements and is eligible for a reduction to the range of 87 to 108 months.  Even if a defendant is eligible for a sentencing reduction, a district court has the discretion to deny such relief where it determines that no reduction is warranted.  See Dillon v. United States, 560 U.S. 817, 826–27 (2010); United States v. Borden, 564 F.3d at 104.  In making this determination, a district court must consider the factors outlined in 18 U.S.C. § 3553(a), see United States v. Christie, 736 F.3d 191, 194–95 (2d Cir. 2013), and "any public safety concerns a reduction in sentence would raise," United States v. Wilson, 716

2

F.3d 50, 52–53 (2d Cir. 2013) (internal quotation marks omitted). The court may also consider the defendant's post-sentencing behavior. See U.S.S.G. § 1B1.10 cmt. n.1(B)(iii). Once a district court has made its decision, it must include "at least some minimal statement of reasons for [its] action" to allow meaningful appellate review. United States v. Christie, 736 F.3d at 197.

We review a district court's denial of a sentence reduction to an otherwise eligible defendant for abuse of discretion. United States v. Rios, 765 F.3d 133, 137 (2d Cir. 2014). A district court abuses its discretion if its ruling rests "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or if the court "rendered a decision that cannot be located within the range of permissible decisions." United States v. Borden, 564 F.3d at 104 (internal quotation marks omitted).

We identify no such abuse here. The defendant's prison disciplinary infractions cited by the district court, along with the court's reconsideration of the § 3553(a) factors, provided a sufficient basis for denying the motion. See United States v. Wilson, 716 F.3d at 53; United States v. Figueroa, 714 F.3d 757, 761 (2d Cir. 2013).

We have considered Tatis's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3