16-4269-cr (L)
United States v. Arbaje-Diaz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand seventeen.

PRESENT:  JOHN M. WALKER, JR.,
           REENA RAGGI,
           PETER W. HALL,
                *Circuit Judges*.

---------------------------------------------------------------------

UNITED STATES OF AMERICA,

                          *Appellee*,

         v.                                  Nos. 16-4269-cr
                                                    16-4272-cr

JORGE H. ARBAJE-DIAZ, AKA SHORTY,
                  *Defendant-Appellant*,[*]

FRANKLIN ACOSTA DE VARGAS, AKA LUIS HERNANDEZ, SERGIO ALEJO, AKA VIEJO, WENDELL ALOMAR-CABRERA, AKA GREGORIO, ALBERTO CASTILLO, JOSE CASTRO, AKA SERGEANT CHUPA, RODOLFO GARCIA, AKA MARTILLO, ROBERTO LOPEZ, AKA MORRO, RUDY MARTINEZ, AKA BACALAO, GABRIEL PABON, AKA JOSE, WILLY ANTONIO PAREDES, AKA MONTECINO, JAVIER RIVERA, AKA BOBOLO, ASNEL TORRES, AKA LEONEL, AKA LEONEL PENA, JORGE VARGAS, AKA MEIOS, ALFREDO ANTONIO ACOSTA, AKA PAPITO, AKA

---

[*]  The Clerk of Court is directed to amend the case caption as set forth above.

1

CARTIER, FELIX RODRIGUEZ, AKA ALEXI, AKA MACHO, IVAN PAULINO, JORGE PINERO, AKA MALO MALO, JOSE MANUEL JIMENEZ-GUERRA, AKA EL GORDO, WILKIN EMMANUEL MATEO-ESPINAL, RIGOBERTO RIVERA, AKA CHIQUITO, YVAN TINEO, JULIO ACOSTA DE VARGAS,

*Defendants*.

------------------------------------------------------------------------

FOR APPELLANT: Eric Schlosser, Eric M. Schlosser, Esq., New York, New York.

FOR APPELLEE: J.E. Shreve Ariail, David C. James, Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from amended final judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 15, 2016, is AFFIRMED.

Defendant Jorge H. Arbaje-Diaz, a former New York City police officer, is presently serving a 240-month prison term, having been convicted based on his guilty plea to two counts of Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), and conspiracy to traffic in one or more kilograms of heroin, *see* 21 U.S.C. §§ 841(b)(1)(A)(i), 846. On appeal, he challenges the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines, which lowered the base offense levels applicable to most drug crimes under U.S.S.G. § 2D1.1(c). We assume the parties' familiarity with the facts and

2

record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review the denial of a sentence reduction to an otherwise eligible defendant for abuse of discretion, *see United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014), which we will identify only if the district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions," *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). No such abuse is evident here.

Both parties agreed, and the district court found, that Arbaje-Diaz was eligible for a § 3582(c)(2) reduction. The district court concluded that the amended Guidelines range was 188–235 months. Even if a defendant is so eligible, however, a district court has the discretion to deny relief where, upon review of the factors detailed in 18 U.S.C. § 3553(a), it determines that a reduction is unwarranted. *See Dillon v. United States*, 560 U.S. 817, 826 (2010); *United States v. Borden*, 564 F.3d at 104. Arbaje-Diaz concedes that the district court's § 3553(a) analysis of certain factors here was "highly appropriate." Appellant's Br. 14. Nonetheless, he argues that the court did not adequately consider his history and characteristics, specifically, that his family, based in New York, was unable to visit him while he was incarcerated at a facility in Louisiana.[1] We are not persuaded.

---

[1] Arbaje-Diaz has since been transferred to a facility in Virginia, and he acknowledges that "visits can now be made by the family with some frequency." Appellant's Br. 15.

3

Although the district court did not explicitly address Arbaje-Diaz's post-sentencing confinement, it did state that it had again considered the § 3553(a) factors, including Arbaje-Diaz's history and characteristics, and nonetheless declined to reduce his sentence. A district court need not specifically address every argument made by a defendant under § 3553(a) to satisfy its consideration obligations under that statute. *See United States v. Thomas*, 628 F.3d 64, 72 (2d Cir. 2010). Here, the district court referred back to its review of the record at Arbaje-Diaz's original sentencing and concluded that its sentencing "determination ha[d] not changed." App'x 103. At the original sentencing, the district court explicitly addressed defense arguments regarding Arbaje-Diaz's possible incarceration at a facility far from the New York area, and concluded that the circumstance did not warrant any mitigation of sentence. It explained:

> It very well may be that this defendant will be designated to a facility in a remote location [due to safety concerns related to his status as a former police officer]. But the main objective of the designation is to provide a safe environment in which the defendant can be corrected and punished.

*Id.* at 80. The district court had already observed generally that Arbaje-Diaz was "a law enforcement officer who did what he did," and he "created this situation for himself." *Id.* at 66. These statements, together with the district court's reconsideration of the § 3553(a) factors as set forth in its seven-page memorandum and order, provided a sufficient basis for denying a § 3582(c)(2) reduction and preclude us from identifying an abuse of discretion. *See United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013); *United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013).

4

We have considered Arbaje-Diaz's remaining arguments and conclude that they are without merit.    Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court