16-3909(L)
*United States v. Diaz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand seventeen.

Present:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges*,

—————————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                 16-3909(L), 16-3961(con)

Aaron B. Pike, Diane Guadalupe Retamoza, Marina Retamoza, Jason Pike, Richard E. Pearson, Jr., Gregory R. Pattison, Christopheer A. Lobe, Benjamin J. Osman, Matthew J. Harrison, Richard C. Alicea, Sr., Jose Melendez, Rafael Montanez, Jr., Jerad M. Davis,

*Defendants*,

DANIEL DIAZ,

*Defendant-Appellant*.

—————————————————————————

For Defendant-Appellant:            Jayme L. Feldman, Federal Public Defender's Office, Western District of New York, Buffalo, NY.

For Appellee:            James P. Kennedy, Jr., Acting United States Attorney, Mary C. Baumgarten, Assistant United States Attorney, United States Attorney's Office, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On January 17, 2006, Defendant-Appellant Daniel Diaz ("Diaz") pleaded guilty to one count of engaging in a continuing criminal enterprise, in violation of 21 U.S.C § 848(a) ("the CCE count"), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and (2) ("the firearm possession count"). At the time of the plea, Diaz's sentencing range for the CCE count was 360 months to life, to be followed by an additional mandatory consecutive term of 60 months for the firearm possession count. The district court subsequently sentenced Diaz to 360 months for the CCE count, which, combined with the consecutive 60 months for the firearm possession count, led to an aggregate sentence of 420 months. On November 1, 2014, the United States Sentencing Commission's amendments to United States Sentencing Guideline ("USSG") § 2D1.1(c) became effective. Both Diaz and the government agree that the amendment lowered Diaz's Sentencing Guidelines range on the CCE count to 324 to 405 months. Diaz subsequently filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his 360-month sentence on the CCE count. On November 4, 2016, the district court

denied Diaz's motion. Diaz timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As all parties agree that Diaz is eligible for a sentence reduction, "we review [the] district court's decision to deny [Diaz's] motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013) (quoting *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009)). Under this standard, we may vacate the district court's decision only if the court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Borden*, 564 F.3d at 104 (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

Diaz puts forward three arguments for why the district court abused its discretion, none of which we find persuasive. First, Diaz argues that the district court failed to give an adequate explanation for why Diaz deserved a sentence at the low end of the original Guidelines, but not the low end of the amended Guidelines. We disagree. Consistent with its obligations under § 3582(c)(2), the district court properly considered Diaz's 360-month sentence in light of the sentencing factors outlined in § 3553(a), as well as Diaz's post-sentencing behavior and the danger to public safety that he posed. *See* U.S.S.G. § 1B1.10 cmt. n.1(B); *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011); *see also United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) ("[I]n the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." (internal quotation marks omitted) (quoting *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006))). The district court found that reducing Diaz's sentence would "severely minimize the seriousness of [Diaz's] offense," since Diaz helped run an organization that transported a large quantity of illegal drugs into the United States, and his criminal activity "resulted in the brutal murder of two people."

3

A144–A145 (internal quotation marks omitted). The district court also found that reducing Diaz's sentence would fail to deter him from returning to criminal activity after his release, noting that Diaz had initiated the drug conspiracy in question after absconding from a New York State Department of Corrections temporary release program. Finally, the court explained that Diaz's post-sentencing conduct was "far from exemplary," A146, and involved possessing a dangerous weapon, attempting to introduce drugs into prison, and refusing to obey orders. The district court thus provided far more than the "minimal statement of reasons" necessary for our review of its decision, *Christie*, 736 F.3d at 197, and we cannot second guess the district court's weighing of the relevant sentencing factors, *see United States v. Romano*, 794 F.3d 317, 339 (2d Cir. 2015).

Second, Diaz argues that the district court abused its discretion by considering Diaz's misconduct while in prison, even though Diaz had already been punished for these infractions. But the district court could certainly take this conduct into account in deciding Diaz's § 3582(c)(2) motion. *See United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) (per curiam). In particular, the district court found that Diaz's prison conduct reflected the danger that Diaz posed to public safety, the likelihood that Diaz would return to criminal activity upon his release, and the need to impose a harsh sentence for deterrence purposes. The court did not err in considering Diaz's prison conduct in light of these factors. *See* 18 U.S.C. § 3553(a)(2)(A), (B), (C); *Rivera*, 662 F.3d at 170.

Finally, Diaz argues that the district court failed to consider meaningfully the reasonableness of Diaz's 360-month sentence in light of his aggregate sentence of 420 months, even though it had discretion to do so under *Dean v. United States*, 137 S. Ct. 1170, 1176–77 (2017). We have previously held that, when a defendant will be serving a mandatory consecutive sentence under § 924(c), a court cannot take that sentence into account when calculating the

amount of time to be served for a predicate offense. *See United States v. Chavez*, 549 F.3d 119, 135 (2d Cir. 2008). We have not yet determined how *Dean* impacted our decision in *Chavez*, and we need not do so here. In Diaz's case, the district court expressly noted that, even assuming *arguendo* that it could consider Diaz's § 924(c) sentence in determining the reasonableness of his § 848(a) sentence, it would have still found that an "aggregate sentence of 420 months' imprisonment is sufficient, but not greater than necessary, to comply with" the factors outlined in § 3553(a). A147. Thus, even if *Dean* did overrule our decision in *Chavez*, the district court made clear that it would have denied Diaz's § 3582(c)(2) motion regardless. *Cf. Dean*, 137 S. Ct. at 1175 (noting that the district court judge would have likely given the petitioner a reduced sentence if § 924(c) did not bar him from doing so).

*     *     *

We have considered Diaz's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk