United States v. Sadio

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand nineteen.

Present:
             BARRINGTON D. PARKER,
             PETER W. HALL,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges.*

---

United States of America,

        *Appellee*,

v.                                                                          18-1389-cr

Wilson A. Pena, AKA Wilson A. Pena-Villafana, AKA Twin, William Yosel Pena, AKA Twin, AKA P.W., AKA William Yosel Pena-Villafana, AKA Mello, Juan Alvarez, AKA Los, Jean Andre, Max Antoine, Ramion Baker, AKA Ray Baker, Vincent Brown, AKA Big Baby, Torrick Johnson, AKA Problem, Guiverson Joseph, AKA Teese, Kelcey Joyner, Samuel Lee, AKA Slick, Terrance Lewis, AKA T-Lou, Lut Muhammad, AKA Luke Muhammed, AKA Lut Billie, AKA Lut Mohammad, Andre Spaulding, AKA Biscuit, Emmanuel Tyson, AKA Petey, Tommy Garcia, AKA Gordo, Kerlin Jose Hernandez-Evangelista, AKA Manny, James Hill, AKA Jada, Kevin Sims, AKA Ghost,
             *Defendants*,

Okeiba Sadio, AKA Keys,

       *Defendant-Appellant.*

---

*For Appellee*:                  MARC H. SILVERMAN, Assistant United States Attorney, *for* John H. Durham, United States Attorney, New Haven, CT.


*For Defendant-Appellant*:      ROSS THOMAS, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender, New Haven, CT.

Appeal from an April 30, 2018 judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED.**

Okeiba Sadio appeals from the district court's order granting, in part, his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Following the adoption of Amendment 782 to the United States Sentencing Guidelines, Sadio sought to reduce his sentence to 168 months' imprisonment.  The district court found Sadio eligible for a reduction, granting his motion but only reducing his sentence to 192 months' imprisonment.  On appeal, Sadio argues that the district court abused its discretion because it provided no reasoning explaining its 192-month sentence beyond its entries on a standardized form available through the Administrative Office ("AO") of the United States Courts.[1]  We assume the parties' familiarity with the underlying facts, procedural

---

[1] We do not read Sadio's argument as asserting some distinction between proportional and nonproportional sentence reductions.  To the extent that either party relies on such an argument, that distinction was expressly rejected in *United States v. Chavez-Meza*, 138 S. Ct. 1959, 1966 (2018).

2

history, and issues on appeal, which we discuss only as necessary to explain our decision to affirm.

We review for abuse of discretion a "district court's decision to modify or maintain a sentence under 18 U.S.C. § 3582(c)(2)." *United States v. Figueroa*, 714 F.3d 757, 759 (2d Cir. 2013) (per curiam). A district court has exceeded the bounds of its discretion if "it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks and citations omitted).

The Supreme Court has established a two-step inquiry for resolving motions for a sentence reduction pursuant to § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the district court must determine if the defendant is eligible for a reduction, which requires that the reduction be "consistent with applicable policy statements issued by the Sentencing Commission—namely, §1B1.10." *Id.* If the district court rules the defendant is eligible, then it moves to step two and "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* at 827. In addition to considering the 18 U.S.C. § 3553(a) factors, a court must consider the danger the defendant poses to the public and may also consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. app. n.1(B)(i)-(iii). Sadio asserts that the district court was required to give more reasons for why it resentenced Sadio to 192 months'

3

imprisonment because his rehabilitation "dominated his initial sentencing," Appellant's Br. 21, and it is unclear whether the court considered his post-sentencing rehabilitation in reaching its subsequent sentencing decision. We disagree and hold that the district court's process in resentencing Sadio comported with applicable requirements.

The principles articulated in *United States v. Christie*, 736 F.3d 191 (2d Cir. 2013), and *United States v. Chavez-Meza*, 138 S. Ct. 1959 (2018) guide our decision in this case.[2] In *Christie*, the defendant appealed the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2). 736 F.3d at 194. The district court denied that motion using a standardized AO form containing no explanation and a checkmark next to the word "denied." *Id.* We vacated that denial and remanded, explaining that the court must provide "at least some minimal statement of reasons for a court's action" on a sentence reduction motion. *Id.* at 97. We noted, however, that "[t]he failure to state reasons will not always require a remand," for in some cases "the reasons for the district court's actions may be obvious from the history of the case." *Id.* at 196.

In *Chavez-Meza*, like the district court here, the sentencing court granted the defendant's motion for a sentence reduction using an AO form which reduced his 135-

---

[2] Sadio argues that the Fourth Circuit's decision in *United States v. Martin*, 916 F.3d 389 (4th Cir. 2019) provides persuasive authority that the district court's use of an AO form here to grant Sadio's sentence reduction motion was insufficient. *Martin* differs from this case for three primary reasons: (1) both defendants in *Martin* had limited to nonexistent disciplinary records and presented "significant evidence of mitigation that was not addressed by the district court," (2) as to the first defendant, the government "conceded that [her] post-sentencing behavior [was] among the best that it ha[d] seen," and (3) as to the second defendant, the initial sentencing transcript was unavailable, preventing meaningful appellate review, and the second defendant was more than 75 years old and suffered from serious health problems. *Martin*, 916 F.3d at 396–98.

month sentence for meth possession to 114 months. 138 S.Ct. at 1964–65. The defendant appealed, arguing the district court failed to provide an adequate explanation for why it imposed 114 months as opposed to defendant's requested 108 months. *Id.* at 1963. The Supreme Court disagreed with the defendant, saying that:

> the record as a whole satisfies us that the judge considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority.
> . . .
> [G]iven the simplicity of *this* case, the judge's awareness of the arguments, his consideration of the relevant sentencing factors, and the intuitive reason why he picked a sentenced above the very bottom of the new range, the judge's explanation (minimal as it was) fell within the scope of the lawful professional judgment that the law confers upon the sentencing judge.

*Chavez-Meza*, 138 S.Ct. at 1967–98 (internal quotation marks and citations omitted).[3]

There is effectively no difference between the facts in *Chavez-Meza* and the facts presented here. As in *Chavez-Meza*, here the same judge who imposed Sadio's original sentence also ruled on his sentence reduction motion. That judge was fully aware of the relevant facts and the parties' arguments, discussing them at length during Sadio's original sentencing hearing. The district court, just as the sentencing court in *Chavez-Meza* did, completed the same AO form with no further explanation when granting Sadio's sentencing reduction motion. In doing so, given the judge's familiarity with

---

[3] Completion of the AO form may not suffice in every case in which the same judge resentences the same defendant. *Chavez-Meza*, 138 S.Ct. at 1967 ("It could be that, under different facts and a different record, the district court's use of a barebones form order in response to a motion like petitioner's would be inadequate."). Here, however, the judge gave an extensive explanation of his reasoning at the original sentencing and the evidence of Sadio's rehabilitation is far from consistent and overwhelming.

Sadio's circumstances, the district court did not exceed the bounds of its discretion in granting Sadio's motion with no further explanation.

The district court's judgment reducing Sadio's sentence is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court