*United States v. Rivera*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-six.

Present:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                       24-2074

JORGE RIVERA,

> *Defendant-Appellant.*\*

---

FOR DEFENDANT-APPELLANT:          LUCAS WATSON, Law Office of Lucas M. Watson, Hartford, CT.

FOR APPELLEE:                     ALEXIS BEYERLEIN, Assistant United States Attorney, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from an order of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

In the 1990s, Defendant-Appellant Jorge Rivera served as the leader of Los Solidos, a Connecticut gang. He oversaw a violent feud between Los Solidos and the Latin Kings—a rival gang—which ultimately claimed four lives, including two innocent bystanders: sixteen-year-old George Hall and seven-year-old Marcelina Delgado. Rivera was ultimately convicted on thirty counts across two separate indictments—including four counts of murder—and sentenced to multiple concurrent terms of life imprisonment. Rivera now appeals from the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews the denial of a § 3582(c)(1)(A) motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (cleaned up).

Under 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment after he "has fully exhausted all administrative rights to appeal" (1) if "extraordinary and compelling reasons warrant such a reduction," and (2) "after considering the factors set forth

2

in section 3553(a)." *Id.* § 3582(c)(1)(A)(i); *see also Keitt*, 21 F.4th at 71. A defendant's failure to establish either extraordinary and compelling circumstances or that the § 3553(a) factors support relief provides an independent reason to deny compassionate release and for this Court to affirm. *See Keitt*, 21 F.4th at 73.

The district court did not abuse its discretion in concluding that the § 3553(a) factors weighed against a sentence reduction. The district court carefully considered Rivera's arguments in favor of compassionate release, including his traumatic childhood and his rehabilitative efforts while incarcerated. It nonetheless appropriately determined that the seriousness of Rivera's offenses—including four murders—outweighed those mitigating factors and did not support a sentence reduction under the § 3553(a) factors. *See United States v. Rodriguez*, 147 F.4th 217, 223 (2d Cir. 2025) ("As the district court noted, Rodriguez is responsible for two murders, including the murder of a fourteen-year-old child. The extreme seriousness of that conduct alone would have been a sufficient basis to determine that the § 3553(a) factors weighed against a sentence reduction."). In other words, the district court's conclusion was "within the range of permissible decisions." *Keitt*, 21 F.4th at 71 (cleaned up).

Rivera argues that the district court should have granted his motion because other courts have done so in similar cases. But the fact that the district court may have balanced the § 3553(a) factors differently from other courts does not mean it abused its discretion. As we have explained, with respect to sentencing, "experienced district judges may reasonably differ, not only in their findings of fact, but in the relative weight they accord competing circumstances. Such reasonable differences necessarily mean that, in the great majority of cases, a range of sentences . . . must be considered reasonable." *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008). And as noted above, the district court was entitled to place greater weight on the seriousness of

3

Rivera's offenses in balancing the § 3553(a) factors. *See Rodriguez*, 147 F.4th at 223.

Rivera also argues that the district court erred by deciding his motion without a hearing. But a district court is not obligated to hold a hearing on a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See Rodriguez*, 147 F.4th at 224; *see also United States v. Figueroa*, 714 F.3d 757, 760 (2d Cir. 2013) ("A court's resolution of a motion for a sentence reduction under [18 U.S.C. § 3582(c)(2)] does not necessarily require a full resentencing hearing."). In any event, Rivera does not identify any factual dispute on which a hearing might have been appropriate.

\* \* \*

We have considered Rivera's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4