11-2624-cr
*United States v. Rios*

# In the
# United States Court of Appeals
## For the Second Circuit

―――――

AUGUST TERM, 2013

ARGUED: APRIL 29, 2014
DECIDED: SEPTEMBER 2, 2014
AMENDED: SEPTEMBER 8, 2014

No. 11-2624-cr, 12-209-cr, 12-303-cr, 12-310-cr, 13-1792-cr[*]

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

RAUL RIOS, MIGUEL BAUTISTA AKA TITA,
*Defendants-Appellants.*

―――――

Appeal from the United States District Court
for the Southern District of New York.
No. 00 Cr. 579 – Jed S. Rakoff, *Judge.*

―――――

Before: WALKER, POOLER, and WESLEY, *Circuit Judges.*

―――――

―――――

[*] Appeal number 11-2624 was dismissed by order on January 23, 2013.
Appeal number 12-209 was remanded by order on January 15, 2013.

Defendants Raul Rios and Miguel Bautista pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base. Following sentencing by the district court (Rakoff, *J.*), each defendant twice moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduced sentence in light of amendments made in 2007 and 2011 to the Sentencing Guidelines that lowered the base offense levels applicable to crimes involving certain quantities of cocaine base. After holding an evidentiary hearing as to Rios's first motion, at which Bautista was neither present nor represented, the district court denied each defendant's motions. Both defendants appealed, raising substantially similar but not identical arguments. We hold that the district court appropriately held an evidentiary hearing, did not clearly err in making a drug quantity finding that supported not reducing the sentences, properly denied Bautista's motion for a reduced sentence, and did not violate Bautista's constitutional rights. Accordingly, we AFFIRM.

————

ROBERT A. CULP, Garrison, N.Y., *for Defendant-Appellant Miguel Bautista.*

LAURIE S. HERSHEY, Manhasset, N.Y., *on the brief, for Defendant-Appellant Raul Rios.*

CHRISTOPHER J. DIMASE (Timothy D. Sini, Brent S. Wible, *on the brief*), Assistant United States Attorney, *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, N.Y., *for Appellee*.

———

JOHN M. WALKER, JR., *Circuit Judge*:

Defendants Raul Rios and Miguel Bautista pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base. Following sentencing by the district court (Rakoff, *J.*), each defendant twice moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduced sentence in light of amendments made in 2007 and 2011 to the Sentencing Guidelines that lowered the base offense levels applicable to crimes involving certain quantities of cocaine base. After holding an evidentiary hearing as to Rios's first motion, at which Bautista was neither present nor represented, the district court denied each defendant's motions. Both defendants appealed, raising substantially similar but not identical arguments. We hold that the district court appropriately held an evidentiary hearing, did not clearly err in making a drug quantity finding that supported not reducing the sentences, properly denied Bautista's

3

motion for a reduced sentence, and did not violate Bautista's constitutional rights.  Accordingly, we AFFIRM.

## BACKGROUND

I.    **The Plea Agreement and Sentencing**

On November 21, 2000, Raul Rios and Miguel Bautista separately each pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base ("crack cocaine" or "crack").  In their plea agreements, both stipulated to being responsible for "1.5 kilograms or more of" crack.  Absent relevant statutory maximums, Rios's Guidelines range was 262 to 327 months' imprisonment and Bautista's was 360 months' to life imprisonment.  Because of a twenty year statutory maximum, however, the defendants stipulated to Guidelines sentences of 240 months' imprisonment.

The Presentence Report ("PSR") prepared by the Probation Department for each defendant determined the same Guidelines ranges as the plea agreements.  Each defendant's PSR calculated the defendant's base offense level on the basis that the Offense Conduct section of the PSR stated that "the defendant's criminal activity involved . . . five kilograms of crack."  This statement was erroneous as to each defendant, however, because the Offense Conduct

4

sections did not specify the quantity of crack involved in the defendants' crimes.

In 2001, the district judge sentenced each defendant in separate proceedings to 240 months' imprisonment. As to each defendant, the written Statement of Reasons in the judgment "adopt[ed] the factual finding and guideline application in the presentence report."

## II. Defendants' Motions for Sentence Reduction

### A. 2007 Amendments to the Sentencing Guidelines

In 2007, the United States Sentencing Commission promulgated amendments to the Guidelines that reduced by two points the base offense level for every crack offense. Amendments to the Sentencing Guidelines for the United States Courts, 72 Fed. Reg. 28571-28572 (2007) (cited in *Kimbrough v. United States*, 552 U.S. 85, 100 (2007)). A district judge is permitted by statute to reduce a term of incarceration "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2).

In December 2007, Bautista moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of the 2007 amendments. On February 20, 2008, the district judge denied this motion, finding that,

5

because of the quantity of drugs involved, Bautista's Guidelines range was not lowered by the 2007 amendments. *United States v. Rios*, No. 00-cr-579, ECF No. 120, at 1-2 (S.D.N.Y. Feb. 20, 2008).

On November 26, 2007, Rios filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) in light of the 2007 amendments. On August 12, 2010, the district judge held an evidentiary hearing on the Rios motion at which FBI Special Agent Carlos Mojica testified and was cross-examined by Rios's counsel. Bautista was neither present nor represented at the hearing. Following the hearing, the district judge denied Rios's motion from the bench, finding that the conspiracy of which he was a part was responsible for "not only 4.5 kilograms of crack cocaine but considerably more than that." Rios App. A87.

### B. 2011 Amendments to the Sentencing Guidelines

In 2011, the Sentencing Commission amended the Guidelines to further reduce the base offense levels applicable to crack offenses. *See United States v. Johnson*, 732 F.3d 109, 112 (2d Cir. 2013). As relevant here, prior to the 2011 amendments, distribution of 4.5 or more kilograms of crack resulted in a base offense level of 38. U.S.S.G. § 2D1.1(c)(1) (2009). After the amendments, the base offense levels for crack distribution were as follows: 34 for less than

6

2.8 kilograms, 36 for 2.8 to less than 8.4 kilograms, and 38 for 8.4 or more kilograms.  U.S.S.G. § 2D1.1(c)(1)-(3) (2011).

On October 14, 2011, Bautista filed a second motion for sentence reduction, based on the 2011 amendments to the crack Guidelines.  A Supplemental PSR, with which Bautista's counsel agreed, determined that Bautista's new base offense level was 36 based on his offense involving "about" five kilograms of crack, resulting in a Guidelines range of 292 to 365 months.  The district court denied the motion because the original sentence of 240 months was less than the amended Guidelines range.  *United States v. Rios*, No. 00-cr-579, ECF No. 178, at 1-2 (S.D.N.Y. Dec. 13, 2011).

Bautista then unsuccessfully moved for reconsideration.  The district court explained that Bautista's Supplemental PSR found that his offense conduct involved the distribution of about five kilograms of crack, resulting in a base offense level of 36.  *United States v. Rios*, No. 00-cr-579, ECF No. 181, at 1 (S.D.N.Y. Jan. 9, 2012).  The district court then noted that it recently concluded that Rios's conspiracy involved the distribution of more than 8.4 kilograms of crack and that "Rios and Bautista were the co-leaders of a drug distribution organization."  *Id.*  The district judge "conclude[d] that Bautista was responsible for the distribution of the same amount of crack cocaine

7

as Rios, if not more." *Id*. at 2. The district court thereupon reaffirmed "its earlier conclusion that the correct base offense level was 36, if not higher." *Id*.

On November 9, 2011, Rios filed his second motion for sentence reduction, this time in light of amendments to the crack Guidelines in 2011, arguing that his crime involved less than 8.4 kilograms of crack. On January 9, 2012, the district court denied this motion, finding that Rios's base offense level was 38. It stated that, based on the previous evidentiary hearing, it "now makes explicit its earlier implicit finding: the conspiracy to which Rios pled guilty involved the distribution of more than 8.4kg of crack cocaine." *United States v. Rios*, No. 00-cr-579, ECF No. 182, at 3-4 (S.D.N.Y. Jan. 9, 2012). The district judge also noted that this finding applies to both Rios and Bautista as leaders of the drug organization. *Id*. at 4 n.1.

Rios appealed to this court, but on a motion by the government acknowledging the district court's seeming reliance on the PSR's reference to about five kilograms, we remanded the case to the district court to reconsider Rios's motion. *United States v. Rios*, No. 11-2624, ECF No. 181 (2d Cir. Jan. 15, 2013). On March 15, 2013, the district court again denied Rios's motion, finding that Rios's PSR

was inaccurate when it stated that "the defendant's criminal activity involved . . . about five kilograms of crack" because nothing in the Offense Conduct section or any other section indicated such a factual finding. *United States v. Rios*, No. 00-cr-579, ECF No. 196, at 3 (S.D.N.Y. Mar. 15, 2013). The district judge described the PSR's statement of about five kilograms as a "mistaken cross-reference, unsupported by any facts or evidence, that, being nonsubstantive, the Court saw no need to correct" at sentencing. *Id*. at 5. The district judge held that the record from the evidentiary hearing "shows that Rios's offense involved far more than the 8.4 kilogram threshold for resentencing under the current Guidelines." *Id*. at 5.

Both Rios and Bautista appeal from the denial of their motions for sentence reduction.

## DISCUSSION

"[W]e review a district court's decision to deny a motion [for sentence reduction] under 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Id*.

**I.      Appropriateness of an Evidentiary Hearing**

Rios and Bautista argue that the district court lacked authority under 18 U.S.C. § 3582(c)(2) to hold an evidentiary hearing to determine the quantity of crack involved in the conspiracy because the district court was bound by the plea agreement, which they contend stipulated to 1.5 kilograms of crack as the distribution amount.  Rios additionally argues that the PSR, as adopted by the district court, found that he was guilty of conspiring to distribute five kilograms of crack, which precluded the district court from finding a higher quantity at the evidentiary hearing.[†]

A district court considering a motion for sentence reduction under § 3582(c)(2) must

> begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.  "In making such determination, the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."

*Dillon v. United States*, 560 U.S. 817, 827 (2010) (alterations in original) (quoting U.S.S.G. § 1B1.10(b)(1)).

---

[†] Bautista does not join in this argument, presumably because Bautista is entitled to relief under the amended Guidelines only if the quantity of crack is found to be less than 2.8 kilograms, whereas Rios may obtain relief if the quantity is found to be less than 8.4 kilograms.

In doing so, "district courts in § 3582(c)(2) proceedings cannot make findings inconsistent with that of the original sentencing court." *United States v. Woods*, 581 F.3d 531, 538 (7th Cir. 2009); *see also United States v. Adams*, 104 F.3d 1028, 1031 (8th Cir. 1997) (holding that it is implicit in a § 3582(c)(2) proceeding that the "district court is to leave all of its previous factual decisions intact"). But "[n]othing prevents a district court from making new findings of fact when ruling on a § 3582(c)(2) motion, so long as those findings are not inconsistent with those made at the original sentencing." *United States v. Davis*, 682 F.3d 596, 612 (7th Cir. 2012). "Indeed, new findings are often necessary where, as here, retroactive amendments have altered the relevant drug-quantity thresholds for determining a defendant's base offense level." *Id*. The district court thus has "broad discretion in how to adjudicate § 3582(c)(2) proceeding[s]," *Woods*, 581 F.3d at 539, including whether to hold an evidentiary hearing.

There were no inconsistent findings here because nothing in the original sentencing record conclusively found the quantity of crack attributable to the defendants. Each defendant's plea agreement stipulated that the conspiracy involved "1.5 kilograms *or more* of" crack. Rios App. A14 (emphasis added); Bautista App. A14

(emphasis added). And while the PSR for each defendant stated that "[a]ccording to the Offense Conduct section, the defendant's criminal activity involved the possession with the intent to distribute and distribution of about five kilograms of crack," the district judge, in considering Rios's motion for sentence reduction, correctly recognized that the PSR's "reference to 'about five kilograms of crack' was" "mistaken" and "unsupported by any facts or evidence." *United States v. Rios*, No. 00-cr-579, ECF No. 196, at 5 (S.D.N.Y. Mar. 15, 2013).

The record at sentencing thus did not establish the quantity of crack at issue beyond the plea agreements' stipulation that it was at least 1.5 kilograms. Accordingly, the district judge's ultimate finding of a quantity of crack attributable to each defendant in excess of 8.4 kilograms was not inconsistent with any findings made at the original sentencing.

Moreover, it was proper for the district court to make its ultimate findings after an evidentiary hearing. Indeed, it would not have been possible to apply the amended Guidelines without making such a quantity finding.

## II.   Drug Quantity Findings by the District Court at the Evidentiary Hearing

The district court denied Rios's motion for sentence reduction by finding that "the record from the [evidentiary] hearing shows that Rios's offense involved far more than the 8.4 kilogram threshold for resentencing." *United States v. Rios*, No. 00-cr-579, ECF No. 196, at 5 (S.D.N.Y. Mar. 15, 2013). The district court relied on the same evidentiary hearing to deny Bautista's motion for reconsideration and to find that Bautista was "responsible for the same amount of crack cocaine as Rios, if not more." *United States v. Rios*, No. 00-cr-579, ECF No. 181, at 3 (S.D.N.Y. Jan. 9, 2012). The defendants argue that the evidence presented at the evidentiary hearing was insufficient to support the district judge's findings.

"When addressing a claim that there was insufficient evidence to support a district court's drug quantity finding, we are mindful that the district court has broad discretion to consider all relevant information, and the quantity determination will not be disturbed unless it is clearly erroneous." *United States v. Richards*, 302 F.3d 58, 70 (2d Cir. 2002) (internal quotation marks omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v.*

*Guang*, 511 F.3d 110, 122 (2d Cir. 2007) (internal quotation marks omitted).

FBI Special Agent Carlos Mujica, the lead case agent in the investigation of Rios and Bautista, was the only witness to testify at the evidentiary hearing. His testimony, credited by the district court, established that Rios's and Bautista's organization received shipments of between twenty-five and fifty kilograms of powder cocaine about every two weeks; that at the time it was raided it possessed at least 1.5 kilograms of crack; that it had the chemicals to convert powder cocaine into crack cocaine; and that it regularly did so. Mujica testified that, based on this evidence, he believed that the organization sold approximately three kilograms of crack every month. Rios and Bautista admitted to being part of the conspiracy for five months, from December 1999 to May 2000.

The government's factual burden at sentencing is a showing by a preponderance of the evidence, not beyond a reasonable doubt. *United States v. Thorn*, 317 F.3d 107, 117 (2d Cir. 2003) ("[f]acts relied on in sentencing need be established by a preponderance of the evidence"). Under this standard and based on Special Agent Mujica's testimony, the district court's drug quantity determinations as to Rios and Bautista were not clearly erroneous.

## III.     Bautista's Guidelines Range

Bautista argues that he is entitled to a reduced sentence because his new amended Guidelines range is lower than his original Guidelines range based on a later finding that he conspired to distribute five kilograms of crack notwithstanding that the low end of both ranges exceed the 240 month statutory cap.  Bautista's original Guidelines range was 360 months' to life and his amended Guidelines range based on a five kilogram finding was 292 to 365 months'.  Both ranges were subject to the 240 month cap by U.S.S.G. § 5G1.1(a), which states that where a calculated Guidelines range is above the statutory maximum, "the statutorily authorized maximum sentence shall be the guideline sentence."  Bautista argues, however, that his sentence should be reduced under 18 U.S.C. § 3582(c)(2), which authorizes sentence modifications when ranges are reduced and makes no mention of a statutory maximum or cap, because there is a reduction as between the two ranges.  His apparent hope is that he will be able to convince the district court to reduce his sentence below the statutory cap.

We need not decide this issue because even if his argument is correct, Bautista is still ineligible for a reduced sentence.   In considering a motion for a reduced sentence, a district court "shall

15

not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" unless the government moved at the original sentencing for a downward departure based on the defendant's substantial assistance. U.S.S.G. § 1B1.10(b)(2). Bautista's amended Guidelines range, assuming a five kilogram quantity finding, is 292 to 365 months' and the government did not move for a substantial assistance downward departure at Bautista's original sentencing. Bautista's amended Guideline minimum absent the statutory maximum was thus fixed at 292 months'. Because Bautista was sentenced to 240 months' imprisonment, lower than the amended range, he is ineligible for a reduction under 18 U.S.C. § 3582(c)(2).

## IV. Bautista's Right to be Represented at Rios's Evidentiary Hearing

Bautista argues that his due process rights were violated because the district judge denied his motion for sentence reduction based on evidence adduced at Rios's evidentiary hearing, at which Bautista was neither present nor represented. The precise contours of a defendant's constitutional rights in a sentence reduction proceeding are not well-defined. *See, e.g.*, *Dillon v. United States*, 560 U.S. 817, 828 (2010) (stating that "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts

found by a jury beyond a reasonable doubt"); *United States v. Townsend*, 55 F.3d 168, 172 (5th Cir. 1995) (holding that "under § 3582(c)(2), a court may consider the testimony from other proceedings," but "a defendant must have notice that the court is considering the testimony such that he will have the opportunity to respond to that testimony").

We need not decide whether the district court violated the due process notice requirement, however, because the district judge articulated a sufficient basis for denying Bautista's motion for reconsideration independent of the evidence adduced at Rios's evidentiary hearing. In denying Bautista's second motion for sentence reduction, the district judge explained that Bautista's supplemental PSR concluded that his offense "involved about 5 kilograms of crack," making him ineligible for a reduced sentence. *United States v. Rios*, No. 00-cr-579, ECF No. 178, at 1-2 (S.D.N.Y. Dec. 13, 2011). Bautista's then-counsel, the Federal Defenders of New York, agreed with the supplemental PSR's calculations and conclusions. *Id*.

In denying Bautista's motion for reconsideration, the district judge again explained that, even according to the supplemental PSR, Bautista's offense conduct involved the distribution of about five

kilograms of crack and that both the government and Bautista's counsel agreed with the calculations. *United States v. Rios*, No. 00-cr-579, ECF No. 181, at 1-2 (S.D.N.Y. Jan. 9, 2012). The district court acknowledged that it found that Rios was responsible for more than 8.4 kilograms of crack based on the evidentiary hearing. It then stated, "Rios and Bautista were the co-leaders of a drug distribution organization, and the Court concludes that Bautista was responsible for the distribution of the same amount of crack cocaine as Rios, if not more." *Id*. at 2. "The Court hereby denies Bautista's motion for reconsideration because it reaffirms its earlier conclusion that the correct Base Offense Level was 36, if not higher." *Id*. The district judge explained that level 36 is for offenses involving more than 2.8 but less than 8.4 kilograms of crack. *Id*. at 2 n.2.

Had the district court relied on the Rios hearing in denying Bautista's motion, it would have found that Bautista's base offense level was 38 for an offense involving more than 8.4 kilograms. The district court instead explicitly reaffirmed its earlier finding—relying on an agreement between the government and Bautista's counsel— that Bautista's correct level was 36 based on the five kilograms. The district court thus denied Bautista's motion based on reasons

independent of the evidence from Rios's evidentiary hearing. Accordingly, Bautista's due process argument is without merit.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's denials of defendants' motions for sentence reduction.