14-2915
United States v. Almanzar

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fifteen.

PRESENT:
> JON O. NEWMAN,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

United States,

> *Appellee*,

> v.                                                                 **14-2915**

Isaac Almanzar, AKA Lucky,

> *Defendant-Appellant*

Eddie Medina, AKA Pedro, *et al.*,

> *Defendants.***

_____

---

\* The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above. See Fed. R. App. P. 43(c)(2).

**FOR DEFENDANT-APPELLANT:** Isaac Almanzar, pro se, Glenville, West Virginia.

**FOR APPELLEES:** Peter A. Norling, Robert T. Polemeni, Assistant United States Attorneys, *for* Loretta Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Isaac Almanzar, proceeding pro se, appeals the district court's order denying his motion under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence of 300 months' imprisonment. We assume the parties' familiarity with the underlying facts and procedural history.

Section 3582(c)(2) provides that a sentencing court may, after considering the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, reduce a defendant's term of imprisonment if his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. As the district court recognized, Almanzar was eligible for a sentence reduction under § 3582(c)(2) because Amendment 750 of the Sentencing Guidelines retroactively reduced the base offense levels for crack cocaine offenses such as Almanzar's – in his case from a range of 360 months to life imprisonment to a range of 235 to 293 months' imprisonment. The district court declined to reduce Almanzar's sentence,

2

however, based on its assessment of the § 3553(a) factors – including Almanzar's leadership position in the Latin Kings gang, his criminal history of acts of violence, and the court's finding that the amount of crack cocaine calculated in imposing the sentence was a "conservative estimate." Gov. App'x 8. We review the district court's decision for abuse of discretion. See United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009).[1]

Almanzar contends that the district court abused its discretion by denying his motion in part based on his leadership position in the Latin Kings, after stating at his original sentencing hearing that it would not consider that factor. His contention is factually inaccurate because the district court did not disclaim reliance on Almanzar's gang membership, but only his involvement in a separate uncharged drug distribution ring as part of that membership. See 05-cr-00623-DLI, Doc. No. 177 at 19. Indeed, the district court explicitly considered Almanzar's gang membership at sentencing by referencing "his position as First Crown of the Bushwick Tribe and . . . First Crown of the Supreme Team" of the Latin Kings in assessing his culpability. Id. at 21.[2]

Moreover, we find no abuse of discretion in the district court's denial of the motion based on its assessment of the § 3553(a) factors and its finding that Almanzar poses a

---

[1] A court abuses its discretion if its ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or [the court] rendered a decision that cannot be located within the range of permissible decisions." United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009) (citation omitted).

[2] Because the district court relied on Almanzar's gang membership at sentencing, we need not consider whether a district court's denial of a § 3582(c)(2) motion based partly on a factor that it declined to consider in imposing sentence might constitute an abuse of discretion. We note, however, that Almanzar has cited no case that supports his position, and that we previously explained that "[n]othing prevents a district court from making new findings of fact when ruling on a § 3582(c)(2) motion, so long as those findings are not inconsistent with those made at the original sentencing." United States v. Rios, 765 F.3d 133, 138 (2d Cir. 2014), citing United States v. Davis, 682 F.3d 596, 612 (7th Cir. 2012).

3

danger to the community.   See 18 U.S.C. § 3553(a) (directing court to consider, inter alia, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence to protect the public); Borden, 564 F.3d at 104 (reasoning that court acted "well within its authority" in denying § 3582(c) motion based on the defendant's criminal history).

We have considered all of Almanzar's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4