16-340-cr
*United States v. Gonzalez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of October, two thousand sixteen.

PRESENT:     JON O. NEWMAN,
             RALPH K. WINTER,
             JOSE A. CABRANES,
                      *Circuit Judges*,

UNITED STATES OF AMERICA,

           *Appellee,*                      16-340-cr

           v.

JAIME ALBERTO MEJIA GONZALEZ, aka PERRO, aka Fred,

           *Defendant-Appellant,*

CARLOS HERNANDO RAMIREZ, AKA TYSON, GEORGE BAQUERO, AKA LAS PLUMAS, AKA EL POLLO,

           *Defendants.*

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Edward S. Zas, Federal Defenders of New York, Inc., New York, NY. |
| **FOR APPELLEE:** | Emily Berger, (Amy Busa, Michael P. Robotti, *on the brief*), Assistant United |

States Attorneys, *for* Robert L. Capers,
United States Attorney for the Eastern
District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 17, 2015 order of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Jaime Alberto Mejia Gonzalez ("Mejia") appeals the District Court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines, which lowered the base offense levels applicable to most drug crimes under U.S.S.G. § 2D1.1. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if his sentence was based on a sentencing range subsequently lowered by the Sentencing Commission. Under *Dillon v. United States*, 560 U.S. 817, 826 (2010), district courts must follow a "two-step inquiry" when deciding motions for a sentence reduction. The court must first determine whether the prisoner is eligible for a reduction. Then, if the prisoner is eligible, the court must determine, in its discretion, whether a reduction is warranted. We review *de novo* a district court's ruling regarding a defendant's eligibility for § 3582(c)(2) relief. *See United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013).

We agree with the District Court that Mejia is ineligible for a reduction pursuant to § 3582(c)(2) as a matter of law. A district court may not reduce a sentence pursuant to § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range," as is the case here. Mejia pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute more than 150 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)(C), 841(b)(1)(A)(ii)(II) and 846. At his sentencing, the District Court found Mejia to be responsible for 10,000 kilograms of cocaine. Amendment 782 to the U.S. Sentencing Guidelines raised the quantity of cocaine involved in a level 38 offense from 150 kilograms or more to 450 kilograms of cocaine or more. Because the District Court found Mejia to have been responsible for 10,000 kilograms of cocaine, Amendment 782 did not lower his applicable guideline. The District Court thus lacked the authority to reduce Mejia's sentence and properly rejected this challenge.

Mejia also argues that the District Court should not have relied on the Presentence Investigation Report's ("PSR") determination regarding the quantity of drugs during his sentencing. We find this argument to be meritless. The Supreme Court has clearly articulated that the scope of § 3582 review is limited and instructed district courts to "leave all other guideline application

2

decisions unaffected." *Dillon*, 560 U.S. at 831. The District Court "cannot make findings inconsistent with that of the original sentencing court." *United States v. Rios*, 765 F.3d, 138 (2d Cir. 2014) (internal quotation marks omitted). Even if there were statutory authority under § 3582, Mejia forfeited this claim by failing to raise it on direct appeal.  Therefore, we need not consider this argument further.

## CONCLUSION

We have reviewed the remaining arguments raised by the defendant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk