15-3610-cr
*United States v. Burrell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand sixteen.

PRESENT:   JOHN M. WALKER, Jr.,
           DENNY CHIN,
           SUSAN L. CARNEY,
                 *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                 *Appellee*,

                 v.                                    15-3610-cr

STANLEY BURRELL,
                 *Defendant-Appellant*,

ARTURO BROWN, a/k/a Rambo, HOWARD
MIDGETTE, a/k/a How Bow, DARRYL BANKS,
a/k/a Pop, MICHELLE MILES, BRIAN BURRELL,
a/k/a B-Wop,
                 *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                          MICHAEL P. ROBOTTI, Assistant United States
                                       Attorney (Emily Berger, Assistant United
                                       States Attorney, *on the brief*), *for* Robert L.
                                       Capers, United States Attorney for the Eastern
                                       District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:                THOMAS H. NOOTER, Freeman Nooter &
                                       Ginsberg, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Dearie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Following a jury trial in 1999, defendant-appellant Stanley Burrell was convicted of engaging in a continuing criminal enterprise ("CCE") and conspiring to distribute and possess heroin and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 848.  Burrell appeals the district court's denials of his motions for a sentence reduction and for reconsideration.  The district court explained its reasoning in orders entered August 28, 2015 and November 2, 2015.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On March 24, 2000, the district court (Nickerson, *J.*) held a sentencing hearing at which Burrell, through defense counsel, asserted that the Government overestimated the applicable quantity of crack cocaine.  Burrell claimed that the Government's estimate of 70 kilograms was grossly overstated and that he was

responsible for less than 1.5 kilograms, the threshold under which his offense level would be reduced by two points and would result in a lower sentencing range of 360 months to life imprisonment. The court rejected Burrell's argument and found that the total offense level was 44, which "require[d it] to impose a sentence of life imprisonment." App. at 52, 57. While the district court did not make a specific finding as to drug quantity at the hearing, it clearly accepted the Government's contention that many multiples of the threshold of 1.5 kilograms were involved. Moreover, the presentence report specifically found that Burrell was responsible for "a conservative estimate of over 61.54 kilograms of crack-cocaine, as well as 1.38 kilograms of heroin." Finally, the court entered a written judgment that (1) stated "[t]he court adopts the factual findings and guideline application in the presentence report," (2) identified the total offense level as 44, and (3) reflected a sentence of two concurrent terms of life imprisonment. Gov't App. at 9-12.

On April 8, 2005, the district court (Dearie, *J.*) amended the judgment to reflect the dismissal of the conspiracy conviction, pursuant to the Second Circuit's order in Burrell's first appeal, and to re-impose a sentence of life imprisonment on the remaining CCE count.

On May 25, 2012, the district court denied Burrell's first motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) because the "conservative estimate of 61.54 kilograms of crack cocaine attributed to defendant" at the initial sentencing exceeded 8.4

kilograms, the threshold amount, as amended in 2007 and again in 2010, for a mandatory term of life imprisonment. App. at 64. In doing so, the district court found that, while the sentencing court did not specifically determine the drug quantity or expressly adopt the findings in the presentence report at the sentencing hearing, "the sentencing transcript confirms that the sentencing Court unequivocally found that defendant was responsible for far more than 8.4 kilograms of crack." *Id.* The district court also found the sentencing court had made "specific affirmative factual findings" as to the quantity of drugs. App. at 65.[1]

On August 25, 2015, the district court denied Burrell's second motion, filed *pro se*, to reduce his sentence pursuant to § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines because "Judge Nickerson held Mr. Burrell accountable for the distribution of 61.54 grams of crack cocaine," which again exceeded the threshold amount, as amended in 2014, of 25.2 kilograms. App. at 69. Burrell then filed a *pro se* motion for reconsideration, arguing that he never received a copy of the Government's opposition briefing and thus had no opportunity to respond to its arguments. The district court instructed the Government to send Burrell a copy of its submission and allowed him to file supplemental briefing.

On November 2, 2015, the district court denied Burrell's motion for reconsideration because (1) the sentencing court specifically found Burrell responsible

---

[1] The district court's May 25, 2012 order is not directly the subject of this appeal.

for 61.54 kilograms, which was over the 25.2 kilogram threshold, and expressly adopted the findings and Guidelines application in the presentence report, and (2) Burrell could not raise a new argument -- that the sentencing court failed to state explicitly at the sentencing hearing that it was relying upon the presentence report's calculations -- for the first time in a reply brief or motion for reconsideration.

Burrell claims on appeal that the district court committed clear error in denying his motions under § 3582 and Amendment 782 based on its improper conclusion that the sentencing court found him specifically responsible for 61.54 kilograms. He seeks to have the matter remanded for resentencing within a Guidelines range of 360 months to life imprisonment or, in the alternative, for an evidentiary hearing as to whether his sentence can be reduced pursuant to Amendment 782 and its 25.2 kilogram threshold.

Under 18 U.S.C. § 3582(c)(2), a court may reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The current version of the Guidelines provides that 8.4 kilograms of cocaine base corresponds to a base offense level of 36, and 25.2 kilograms of cocaine base corresponds to a base offense level of 38.  U.S.S.G. § 2D1.1(c)(1)-(2).

"[W]e review a district court's decision to deny a motion [for sentence reduction] under 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014) (alteration in original) (quoting *United States v. Borden*, 564

F.3d 100, 104 (2d Cir. 2009)). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Id.* (quoting *Borden*, 564 F.3d at 104). The determination of drug quantity is a finding of fact, *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006), which we review for clear error, *United States v. Kent*, 821 F.3d 362, 368 (2d Cir. 2016). "To reject a finding of fact as clearly erroneous, we must, upon review of the entire record, be 'left with the definite and firm conviction that a mistake has been committed.'" *Snow*, 462 F.3d at 72 (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)).

The district court did not abuse its discretion in denying Burrell's motions for a sentence reduction and for reconsideration. The sentencing court satisfied its obligation to make a specific factual finding as to drug quantity, and that finding was not clearly erroneous. The presentence report and its first and second addenda concluded that, based on the information provided by the Government, Burrell was responsible for 61.54 kilograms of crack cocaine. The Government filed a letter identifying the quantity as 70.874 kilograms and explaining its calculations in detail. Burrell argued at the sentencing hearing that the trial evidence supported an amount of less than 1.5 kilograms, which entitled him to a two-level reduction, and challenged the 70 kilogram estimate as overstating the quantity by forty times the 1.5 kilogram threshold. The Government explained the assumptions and calculations underlying its

"very conservative estimate." App. at 48. At the sentencing hearing, the district court rejected Burrell's objections and accepted the Guidelines calculation urged by the Government. And in the end, the court expressly adopted the presentence report's finding of 61.54 kilograms by marking the space next to the statement, "The court adopts the factual findings and guideline application in the presentence report," in the Statement of Reasons in the written judgment. Gov't App. at 12. Accordingly, the court made a specific factual finding that Burrell was responsible for 61.54 kilograms of crack cocaine. *See United States v. Molina*, 356 F.3d 269, 275-76 (2d Cir. 2004) (citations omitted) ("A district court satisfies its obligation to make the requisite specific factual findings when it explicitly adopts the factual findings set forth in the presentence report . . . either at the sentencing hearing or in the written judgment it files later."). That finding was supported by the record.

We have considered all of Burrell's additional arguments and find them to be without merit. For the reasons stated herein, the orders of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 7 -