16-2531-cr
United States v. Delva

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand seventeen.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
                              *Circuit Judges*,
          JOAN M. AZRACK,
                              *District Judge.*[*]
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,

                                     *Appellee*,

                v.                                        No. 16-2531-cr

GESNER DELVA, also known as TI BLAN,
                              *Defendant-Appellant*,

REGINALD FLEURIMONT, JOSEPH ANDRE JEUNE, also known as MAZOU, FENOL BERNADEL, also known as MACAYA, ALIX HYPOLITE,
                                     *Defendants*.
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:     ALAN M. NELSON, Law Office of Alan Nelson, Esq., Lake Success, New York.

_____

[*] Judge Joan M. Azrack, of the United States District Court for the Eastern District of New York, sitting by designation.

1

APPEARING FOR APPELLEE: WHITMAN G.S. KNAPP, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from final orders of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the final orders entered on January 8, 2015, and on June 29, 2016, are AFFIRMED.

Defendant Gesner Delva is presently serving a 293-month prison sentence imposed after a jury found him guilty on three counts of narcotics trafficking in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)(II), 846, 952(a), 960(b)(1)(B)(ii), 963. He here appeals from the denial of his application for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782, as well as from the denial of a motion to reconsider that ruling. We review *de novo* the district court's determination that Delva is ineligible for a § 3582(c)(2) reduction. *See United States v. Leonard*, 844 F.3d 102, 106–07 (2d Cir. 2016). This court has not decided what standard of review applies to appeals from motions to reconsider denials of § 3582(c)(2) rulings. We need not do so here because that part of Delva's appeal fails even under *de novo* review. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

A convicted defendant is eligible for a sentence reduction if (1) he "has been sentenced to a term of imprisonment based on a [Guidelines] sentencing range that has subsequently been lowered," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see Dillon v. United States*, 560 U.S. 817, 827 (2010). The pertinent policy statement conditions reduction eligibility on "the guideline range applicable to that defendant ha[ving] subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)." U.S.S.G. § 1B1.10(a)(1).

Delva moved for a sentence reduction pursuant to U.S.S.G. Amendment 782, which, effective November 1, 2014, reduced by two levels the base offense levels assigned to drug quantities in the Guidelines Drug Quantity Table. *See* U.S.S.G. § 2D1.1(c). With respect to the highest level of 38, the amendment increased the minimum quantity of cocaine necessary from 150 to 450 kilograms. *See* U.S.S.G. Supp. App. C, Amend. 782. Because Delva was found at his original sentencing to have trafficked in "at least 600 kilograms of cocaine," J.A. 107, Amendment 782 did not reduce the base offense level pursuant to the Guidelines Drug Quantity Table as to his criminal conduct and, thus, the district court correctly found him to be ineligible for a sentence reduction.

Insofar as Delva faults the district court for denying him a reduction without conducting a hearing to determine drug quantity, his argument is defeated by *United States v. Rios*, 765 F.3d 133 (2d Cir. 2014). This court there held that in determining a defendant's eligibility for a § 3582 reduction, a district court can make new findings of

3

fact where warranted, but it "cannot make findings inconsistent with that of the original sentencing court." *Id.* at 138 (internal quotation marks omitted). Despite Delva's contentions to the contrary, the district court clearly found that he had trafficked in at least 600 kilograms of cocaine in imposing his original sentence, *see* J.A. 74, and, therefore, cannot now make contradictory findings. No different conclusion is warranted based upon the district court's adoption of the unchallenged Presentence Report ("PSR") in making its quantity finding. *See United States v. Batista*, 684 F.3d 333, 346 n.22 (2d Cir. 2012) (reiterating well-established rule that where "PSR states enough facts to permit meaningful appellate review the District Court satisfies its obligation to make factual findings by explicitly adopting the relevant factual findings set forth in the PSR" (alterations, citations, and internal quotation marks omitted)). Nor does *Rios*'s prohibition on inconsistent fact-finding admit an exception based on a defendant's professed lack of incentive to challenge a particular fact at his original sentencing. Another district judge's declared disagreement with *Rios* on this point does not make the holding any less controlling.

*Rios* held that an evidentiary hearing was permissible on the § 3582 motion at issue because there was no risk of inconsistent findings. *See United States v. Rios*, 765 F.3d at 138. "[N]othing in the original sentencing record conclusively found the quantity of crack attributable to the defendants"; rather, "[e]ach defendant's plea agreement stipulated that the conspiracy involved '1.5 kilograms *or more* of' crack." *Id.* (emphasis in original). Although the district court in *Rios* seemingly adopted the defendant's PSR, its imposition of the 240-month sentence did not require it specifically to adopt the five-kilogram finding

4

that informed the PSR's 262-to-327 month Guidelines calculation. Thus, there was nothing contradictory in the district court's § 3582 finding that neither the PSR's Offense Conduct section nor "any facts or evidence" supported the five-kilogram quantity. *Id.* (internal quotation marks omitted). In contrast, here there was a specific 600-kilogram finding by the district court, which was amply supported by record evidence (including five witnesses' trial testimony), and Delva points to no error in the PSR.

In sum, on review of Delva's § 3582 reduction motion, the district court could not make a drug quantity finding at odds with the 600-kilogram quantity found at the original sentencing. Because that quantity placed Delva at level 38 both before and after Amendment 782's adoption, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered," 18 U.S.C. § 3582(c)(2), and thus, the district court correctly decided that he is not eligible for a sentence reduction, a conclusion requiring no reconsideration.

We have considered Delva's remaining arguments and conclude that they are without merit. Accordingly, the orders of the district court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5