*United States v. Peguero-Franco (Tolentino)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
           DEBRA ANN LIVINGSTON,
                *Circuit Judges,*
           RICHARD W. GOLDBERG, [*]
                *Judge.*

UNITED STATES OF AMERICA,

                   *Appellee,*                            17-265

                   v.

JUAN TOLENTINO, AKA Chamacho, AKA Ismael (Federal Prisoner: 91942-054),

                   *Defendant-Appellant,*

MANUEL PEGUERO-FRANCO, AKA Manny, EDWIN LOPEZ DIAZ, AKA Doctor,

                   *Defendants.*[**]

---

[*] Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

[**] The clerk is ordered to amend the caption of this case as shown herein.

1

**FOR DEFENDANT-APPELLANT:**               Juan Tolentino, pro se, Philipsburg, PA.


**FOR APPELLEE:**               Edward Diskant, Margaret Garnett, Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Juan Tolentino, proceeding pro se, appeals from the District Court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which lowered the base offense levels applicable to most drug crimes under U.S.S.G. § 2D1.1. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under § 3582(c)(2), a district court *may* reduce a defendant's term of imprisonment if his sentence was based on a sentencing range that the Sentencing Commission subsequently lowered. *United States v. Borden*, 564 F.3d 100, 103 (2d Cir. 2009). But the statute "clearly allows for a district court to exercise its discretion"; even if the defendant is eligible for a sentence reduction, the district court may decline to reduce the sentence if it determines that a reduction is not warranted. *Id.* at 104; *see Dillon v. United States*, 560 U.S. 817, 821-22 (2010). To determine whether a reduction is warranted, the district court considers any applicable § 3553(a) factors and decides "whether, in its discretion, the reduction authorized by reference to the [applicable Sentencing Commission] policies . . . is warranted in whole or in part under the particular circumstances of the case." *United States v. Christie*, 736 F.3d 191, 194–95 (2d Cir. 2013) (internal quotation marks and citation omitted). We review a district court's discretionary denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014) (citation omitted). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Borden*, 564 F.3d at 104 (internal quotation marks and citation omitted).

Upon review, we conclude that the District Court did not abuse its discretion by determining, after concluding that Tolentino was eligible for a sentencing reduction, that a reduction was not warranted. The District Court reasonably relied on the same factors it considered at the original sentencing proceeding, including the sophistication and seriousness of the offense, the quantities of drugs trafficked, and the harm to the community, in reaching its conclusion. *See* 18 U.S.C. § 3553(a)(1), (2)(A); *see also Borden*, 564 F.3d at 104. And although a district court ruling on a § 3582 motion "*may* consider post-sentencing conduct," it is not required to do so. U.S.S.G. § 1B1.10 cmt. 1(B)(iii) (emphasis added).

**CONCLUSION**

We have considered Tolentino's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk