17-3352
*United States v. Bohannon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of October, two thousand eighteen.

Present:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee*,

> v.                                                     17-3352

JONATHAN BOHANNON,

> *Defendant-Appellant*,

JERMAINE BUCHANAN, AKA HOT MAIN, RASHAD HEARD, OMAR BAHAMONDE, AKA DIRK, TAVAR JOHNSON, MOYAN FORBES, TYSHEEM WRIGHT, EBONEY WOOD, AKA SIS, SYBIL HOPKINS, RONELL HANKS, AKA BIZ, AKA ACE, CARLOS SOTO, AKA MACHON, STEVEN HUTCHINSON, AKA L, YAZMINE MORALES, D'METRIUS WOODWARD, AKA FLEA,

> *Defendants*.

1

For Defendant-Appellant:           CHRISTOPHER DUBY, ESQ. Hamden, Connecticut.

For Plaintiff-Appellee:            RAHUL KALE, Assistant United States Attorney, District of Connecticut, (Marc H. Silverman, of counsel, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 17, 2017 judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jonathan Bohannon pleaded guilty on May 11, 2017 to one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 and 846. He also pleaded guilty to one count of possession with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 841, and to one count of unlawful possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922 and 924. On October 6, 2017, the district court sentenced Bohannon to 160 months of imprisonment, five years of supervised release, and a special assessment of $300. Bohannon argues that the district court erred procedurally in attributing more than six kilograms of cocaine to him in determining his base level offense for United States Sentencing Guidelines ("Guidelines") purposes. He also claims that his sentence is substantively unreasonable in light of the sentencing factors set forth in 18 U.S.C. § 3353(a).

We review the reasonableness of the sentence imposed by the district court for abuse of discretion. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). A sentence is procedurally unreasonable if the district court "fails to calculate the Guidelines range[,] . . . makes

2

a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (citation omitted). "We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Aldeen,* 792 F.3d 247, 255 (2d Cir. 2015) (alteration in original) (internal quotations omitted).

First, we conclude that the district court did not commit procedural error in attributing more than six kilograms of cocaine to Bohannon for purposes of calculating his Guidelines range. The quantity of drugs attributable to a defendant is a question of fact that the government must prove by a preponderance of the evidence. *United States v. Jones*, 531 F.3d 163, 175 (2d Cir. 2008). A district court's quantity determination "will not be disturbed unless it is clearly erroneous." *United States v. Rios*, 765 F.3d 133, 139 (2d Cir. 2014) (quoting *United States v. Richards*, 302 F.3d 58, 70 (2d Cir. 2002)). Bohannon has failed to show error, much less clear error in the district court's calculation of the drug quantity attributable to him.

Following Bohannon's guilty plea, the district court conducted a lengthy evidentiary hearing at which a cooperating co-defendant along with Special Agent Michael Zuk of the Federal Bureau of Investigation testified about Bohannon's involvement in a cocaine and heroin distribution network. Agent Zuk reviewed a series of intercepted communications (phone calls and text messages) between Bohannon and Ronnell Hanks, a "higher up" dealer. Joint App'x 155. Bohannon argues that the district court improperly relied on these intercepted communications in calculating the quantity of cocaine properly attributable to him, on the theory that the content of

3

the communications does not clearly convey the type and quantity of drug being discussed. For the following reasons, we disagree.

At the start, the district court based its cocaine quantity attribution on significant evidence, including the cooperating co-defendant's testimony and the 346.2 grams of cocaine base recovered at the time of Bohannon's arrest. As to the numerous intercepted communications between Bohannon and Hanks, many relate exact numbers easily understood as quantities of cocaine (e.g., "100" in reference to 100 grams), along with references to "cook[ing]." J.A. at 244. Consistent with these intercepted communications, Bohannon's co-defendant testified that Hanks sold cocaine generally packed in 100-gram units, and that he had observed Bohannon with Hanks on one occasion with a package of 100 grams of cocaine and, on another occasion, had witnessed Hanks "weigh[ ] up" about 250 grams of cocaine on a scale directly in front of Bohannon. J.A. at 165. In a separate recorded communication, a woman who had been romantically involved with Bohannon described his apartment as a "factory," later clarifying to an investigator that she meant, "a factory [where] you would cook cocaine." J.A. at 256.

Returning to the intercepted communications, Agent Zuk provided testimony, based on his investigation and review of these communications, estimating the amount of cocaine and cocaine base being discussed between Bohannon and Hanks. The district court carefully reviewed the conversations. When left with any doubt as to the drug quantity being discussed, the district court made clear that it did not "feel comfortable drawing the inference" that a higher quantity was involved and instead adopted a more conservative estimate. Taking all of the evidence collectively, the district court ultimately rejected the government's more aggressive calculation of Bohannon's cocaine attribution quantity in favor of the lower calculation offered in the Presentencing Report.

We see no reason to believe that the district court committed any error in calculating Bohannon's cocaine attribution quantity, and certainly not "clear error."

We also conclude that Bohannon's 160-month sentence is substantively reasonable. "While we do not presume that a Guidelines sentence is necessarily substantively reasonable, that conclusion is warranted in the overwhelming majority of cases, and thus especially when, as here, a defendant challenges a *below*-Guidelines sentence." *United States v. Messina,* 806 F.3d 55, 66 (2d Cir. 2015) (citations and internal quotation marks omitted). The district court emphasized that Bohannon did not use a firearm when arrested and that his longest previous period of incarceration was approximately 20 months. It also credited the cooperating co-defendant's testimony about Bohannon's reputation as a "shooter" and noted that it was "troubled" about the number of guns in Bohannon's possession at the time of his arrest, as well as the seriousness of his crimes. The district court ultimately rejected the government's proposed sentence of 204 months, and chose to depart downward from the Guidelines calculation, imposing a sentence below the Guidelines range of 188 to 235 months of imprisonment.[1]

We disagree with Bohannon's contention that the district court overlooked various mitigating factors in the sentencing proceeding. The district court expressly considered the factors mentioned above, as well as Bohannon's employment history and status as a father. The fact that

---

[1] The district court attributed 6,116 grams of cocaine and 346.2 grams of cocaine base to Bohannon. These attributions resulted in a base offense level of 30. The district court then added two-level enhancements for the possession of a firearm, for maintaining a drug premises, and for Bohannon's aggravating role in managing or supervising his "cook." It then subtracted two levels for Bohannon's acceptance of responsibility, bringing his total offense level to 34 and placing him in Criminal History Category III. It bears mentioning, however, that the two drug offenses to which Bohannon pleaded guilty carry a mandatory minimum sentence of 120 months each. *See* 21 U.S.C. § 841(b); 21 U.S.C. § 846. The court below sentenced him to 120 months on the two drug counts, and to 40 months for the unlawful possession of firearms and ammunition. Therefore, the court below sentenced Bohannon to the bare minimum on the drug counts to which he pleaded guilty.

the district court imposed a below-Guidelines sentence, rejecting the government's position that a sentence of 17 years was necessary "to deter [the defendant] and to protect the public," suggests that the court took these mitigating factors into account.

\*     \*     \*

We have considered Bohannon's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk